UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTY SHAY

    Plaintiff,

v.

    Civil Action 2:11-cv-804
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge Elizabeth P. Deavers

SUN LIFE FINANCIAL
SERVICE COMPANY, INC.,

    Defendant.

## ORDER

This case arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Plaintiff, Christy Shay, brings this action against Defendant, Sun Life Financial Services Company, Inc., to recover disability benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B). This matter is before the Court for consideration of Plaintiff's Motion for Discovery (ECF No. 18), Defendant's Opposition to Plaintiff's Motion (ECF No. 22), and Plaintiff's Reply (ECF No. 25). For the reasons that follow, Plaintiff's Motion for Discovery is **DENIED**.

**I.**

In her Motion for Discovery, Plaintiff asserts that Defendant operates under a conflict of interest because it acts as both the administrator of her employer's long term disability benefits plan as well as the payor of benefits. Plaintiff does not submit any proposed discovery requests, but appears to desire to conduct written discovery relating to Defendant's inherent conflict of interest and also into the alleged conflict of interest of a non-examining physician upon whom

Defendant relied in rendering its decision respect to disability benefits.  In support of his Motion, Plaintiff asserts that "[i]t is apparent from the record that defendant relied on its non-examining retained expert's opinion in denying plaintiff's claim for benefits and ignored the opinions of plaintiff's treating physicians."  (Pl.'s Mot. 1, ECF No. 18.)  Plaintiff asserts that one of these non-examining physicians, Dr. Horowitz "is know to be frequently employed by insurance companies to provide opinions that often result in the denial of benefits to claimants."  (*Id*. At 1–2.)  Plaintiff maintains that discovery is appropriate because Dr. Horowitz "presumably has been financially compensated for his opinions," "it is unclear what records were provided by Sun Life to [Dr. Horowitz]," and "it is unclear what instruction, guidance, or standards [Dr. Horowitz] was given by Sun Life."  (*Id*. at 2.)

Defendant resists discovery.  Defendant asserts that beyond conclusory allegations of bias, Plaintiff fails to identify any treating physician opinion that Defendant ignored or even rejected.  Defendant also points out that contrary to Plaintiff's assertion, the information Dr. Horowitz reviewed is specifically listed within the administrative record.  Defendant notes that it does not contract with individual physicians but rather with outside vendor agencies which select physicians to conduct reviews.  These physicians do not have the authority to make benefits determinations, but instead answer specific medical questions that claims analysts or senior consultants pose.  Their compensation is not tied to any particular outcome, and Defendant does not pay the physicians directly.  In an effort to avoid discovery disputes, Defendant has already voluntarily provided Plaintiff with information relating to its efforts to promote accurate decision-making, including information concerning its relationships with its medical vendors.  The information Defendant voluntarily provided to Plaintiff establishes that Defendant does not provide financial or other incentives to its employees to deny or terminate claims.  The

information further establishes that Defendant does not employ procedures designed to check only the accuracy of claims it grants, but instead takes measures designed to promote accuracy, such as maintaining a separate appeals unit with different personnel than the claims unit; using a *de novo* appeals process that affords no deference to the initial decision; walling off claims personnel from those involved in finance; and the aforementioned utilization of outside medical vendors to refer appropriately credentialed, independent physicians. In light of the foregoing, Defendant maintains that Plaintiff's unsupported allegations of medical reviewer bias fail to satisfy a threshold showing sufficient to justify further discovery.

## II.

The Federal Rules of Civil Procedure generously permit discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Generally, a district court, in adjudicating the merits of an ERISA denial of benefits claim, cannot consider evidence outside of the administrative record. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). Consequently, matters outside the record are generally not relevant or discoverable. *See id.*; Fed. R. Civ. P. 26(b)(1). "An exception is recognized, however, when evidence outside the record 'is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part.'" *Johnson v. Conn. Gen. Life Ins. Co.*, 324 F. App'x 459, 466 (6th Cir. 2009) (quoting *Wilkins*, 150 F.3d at 619). In instances involving such challenges, evidence outside the record may be relevant and discoverable; *see id.*; Fed. R. Civ. P. 26(b)(1).

The United States Supreme Court, in *Metropolitan Life Insurance Company v. Glenn*, 128 S.Ct. 2343 (2008), made clear that a plan administrator who is a professional insurance

3

company operates under a conflict of interest when it serves the dual role of an ERISA plan administrator and payor of plan benefits. 128 S.Ct. at 2349–50. The *Glenn* Court proceeded to consider how this conflict "should be taken into account on judicial review of a discretionary benefit determination." *Id*. at 2350–51 (internal quotation marks and citation omitted). First, the Court noted that the existence of such a conflict does not change the standard of review or make it necessary "for courts to create special burden-of-proof rules, or other special procedural or evidentiary rules, focused narrowly upon the evaluator/payor conflict." *Id*. The Court then concluded that the structural conflict of interest created by the administrator's dual roles is a relevant consideration, among several case-specific considerations, lower courts should consider, with the significance of such a conflict to depend on the circumstances of each case. *Id*. at 2351. The Court explained as follows:

> In such instances, any one factor will act as a tiebreaker when the other factors are closely balanced, the degree of closeness necessary depending upon the tiebreaking factor's inherent or case-specific importance. The conflict of interest at issue here, for example, should prove more important (perhaps of great importance) where circumstances suggest a higher likelihood that it affected the benefits decision, including, but not limited to, cases where an insurance company administrator has a history of biased claims administration. . . . It should prove less important (perhaps to the vanishing point) where the administrator has taken active steps to reduce potential bias and to promote accuracy, for example, by walling off claims administrators from those interested in firm finances, or by imposing management checks that penalize inaccurate decisionmaking irrespective of whom the inaccuracy benefits.

*Id*. (internal citations omitted).

Following *Glenn*, in *Johnson v. Connecticut General Life Insurance Company*, the United States Court of Appeals for the Sixth Circuit considered the propriety of a district court's decision to allow limited discovery concerning the conflict of interest created when an employer utilizes dual-role administrators under an ERISA plan. 324 F. App'x at 465–67. The *Johnson*

4

Court first cited with approval Sixth Circuit precedent holding that "a mere allegation of bias is not sufficient to permit discovery under *Wilkins*' exception." *Id*. at 466 (citing *Putney v. Med. Mut. of Ohio*, 111 F. App'x 803, 807 (6th Cir. 2004); *Likas v. Life Ins. Co. of N. Am.*, 222 F. A'ppx 481, 486 (6th Cir. 2007); *Huffaker v. Metro. Life Ins. Co.*, 271 F. App'x 493, 504 (6th Cir. 2008)). Citing *Glenn*, the *Johnson* Court nevertheless rejected the defendant's contention that Sixth Circuit precedent should be interpreted to impose a threshold evidentiary showing of bias as a prerequisite to discovery under *Wilkins*. *Id*. at 466. The *Johnson* Court also rejected the notion that *Glenn* permits discovery automatically in instances where the defendant is both the administrator and the payor. Instead, the Court indicated that "[d]istrict courts are well-equipped to evaluate and determine whether and to what extent limited discovery is appropriate in furtherance of a colorable procedural challenge under *Wilkins*." *Id*. at 467; *accord*, *Bell v. Ameritech Sickness & Acc. Dis. Ben. Plan*, 399 F. A'ppx 991, 998 (6th Cir. 2010) ("Discovery may be appropriate to determine the weight to accord a conflict of interest, . . . but the district court retains discretion to decide when to allow such discovery."). The *Johnson* Court concluded that the district court did not abuse its discretion in allowing the plaintiff to conduct limited discovery concerning the conflict because the plaintiff had "offered more than a mere allegation of bias." *Id*.

**III.**

In this case, the Court concludes that Plaintiff has failed to demonstrate that discovery beyond the information Defendant voluntarily provided is warranted. As detailed above, Defendant has voluntarily provided Plaintiff with information explaining the procedures it employs in obtaining, utilizing, and compensating medical reviewers. The information demonstrates that Defendant implements a number of measures to mitigate bias and promote accuracy. Plaintiff offers nothing beyond her unsupported allegations of reviewer bias and her unsupported allegation that one of the two independent physicians who provided a medical records review is "known to be frequently employed by insurance companies to provide opinions that often result in the denial of benefits to claimants." (Pl.'s Mot. 1–2, ECF No. 18.) This is not enough to justify further discovery. *See Likas*, 222 F. A'ppx at 486 (internal quotation marks and citations omitted) (affirming trial court's denial of discovery motion where the claimant "support[ed] his claim [of bias or procedural irregularity] with conjecture," holding that "a mere allegation of bias is insufficient to throw open the doors of discovery in an ERISA case"); *Huffaker*, 271 F. App'x at 503–04 (internal quotation marks omitted) (affirming trial court's denial of ERISA conflict-of-interest discovery where the claimant had done nothing more than "put[] forward a generalized claim of financial conflict of interest on the part of [the insurer] and the independent physician consultants who reviewed her medical file"). Accordingly, Plaintiff's Motion is **DENIED**. (ECF No. 18.).

## IV.

For the reasons set forth above, Plaintiff's Motion for Discovery is **DENIED**. (ECF No. 18.)

**IT IS SO ORDERED.**

Date: September 5, 2012      /s/ *Elizabeth A. Preston Deavers*
                              Elizabeth A. Preston Deavers
                              United States Magistrate Judge